IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. No. 4:19-cr-00650-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Brandon Paul Wallace, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Brandon Paul Wallace's Pro Se Motion for Early Termination of Supervised Release. ECF No. 145. On October 7, 2021, after pleading guilty to possession of firearms and ammunition, all of which had been shipped and transported in interstate and foreign commerce and after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), Defendant was sentenced to 52 months of imprisonment followed by three years of supervised release. ECF Nos. 128 at 1; 138 at 2–3. Defendant was released from imprisonment on February 21, 2023, and began supervised release on that same date. ECF No. 148 at 1. Defendant states that he has made positive life choices since beginning supervised release and seeks to have the remainder of his three-year term of supervision terminated. ECF No. 145 at 1.

On October 7, 2024, the United States Probation Office ("U.S. Probation") filed a Response to Defendant's Early Termination Request. ECF No. 148. U.S. Probation confirmed that Defendant has incurred no court-reported violation of supervised release and has maintained employment throughout his term of supervised release, maintains a stable residence, attended all mental health counseling sessions and successfully

terminated from the mental health program, and submitted negative results for all drug tests.  *Id.* at 1–2.  However, Defendant was stopped by Latta Police Department on December 24, 2023, and given a warning for faulty equipment.  Defendant failed to notify U.S. Probation of this contact within 72 hours.  *Id.* at 2.  Given the nature of the offense underlying Defendant's sentence and Defendant's criminal history, U.S. Probation opposes termination at this time.  *Id.*

Pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1, this Court may, after consideration of the relevant factors in 18 U.S.C. § 3553(a), terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the Court is satisfied that the action is warranted by the defendant's conduct and in the interest of justice.  Further, the Guide to Judiciary Policy, Volume 8E, § 360.20(c) states that after 18 months of supervised release, there is a presumption in favor of recommending early termination for persons who meet the following criteria: (1) the person does not meet the criteria of a career drug offender or career criminal as set forth in 28 U.S.C. § 944(h) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

After careful consideration of the applicable factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in the Guide to Judiciary Policy, Volume 8E, § 360.20(c), this

Court finds that early termination of Defendant's supervised release at this point in time would not be in the interest of justice. Based on the nature of Defendant's underlying offense and his recent encounter with police which he failed to timely report to probation, the Court finds Defendant would benefit from additional time on supervised release. Accordingly, Defendant's Motion is hereby denied. However, the Court takes due notice of Defendant's otherwise compliant behavior and positive life changes thus far while on supervised release, and he is to be commended for his conduct. If Defendant's commendable conduct continues, the Court would entertain a request for early termination of his supervision in the future. Accordingly, for the reasons stated above, Defendant's Motion is denied without prejudice.

For the reasons set forth above, Defendant's Pro Se Motion for Early Termination of Supervised Release [145] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 10, 2024
Spartanburg, South Carolina